### MONTILLET vs. SHIFF.

APPEAL from the court of the parish and city of New-Orleans.

If a bet be made on the election of governor, to be determined by the returns of all parishes in the state, and two parishes make now return, the bet is a draw one.

MATHEWS, J. delivered the opinion of the court. This is a suit brought by the depositor against the depositee, or stock holder of $1000 which he alleges were placed in the hands of the latter, without stating for what purpose; but claims a right to recover back the amount. The answer of the defendant admits the deposit, states the cause of it, being a wager between the plaintiff and one Hamlet, depending

on the respective number of votes that J. Villeré and B. Marigny. should obtain from the people of the state, as candidates in opposition for the office of governor, at the election. Hamlet beted on Villeré and the plaintiff on Marigny, and that the bet being determined by the returns of the votes to the legislature in favor of the former, he paid to him the amount thereof, in pursuance of the deposit.

The defendant obtained judgment, in the court below, from which the plaintiff appealed.

The appellant, by his counsel contends, that according to the terms of the wager (which was reduced to writing,) it has not been decided; and from accidents, not within the control of either of the parties, never can be determined; and that consequently the aleatory contract has become null and void, or, in wagering language, it stands as a drawn bet, and each party has a right to withdraw his stake. The correctness of these propositions, on the part of the plaintiff, depends much on the true meaning of the last stipulation in the contract. If it must be so construed, as to shew clearly the intention of the parties was, not to submit to any other calculation of the amount of votes, which each candidate obtained from the peo-

ple, but that which should be made accord-ing to the official returns, from the *whole state.* We are of opinion that the appellant ought to succeed in his action, because the statement of facts shews that no returns were made from two of the parishes of the state. The agree-ment is written in the French language, and that clause of it, on which the rights of the parties mainly rests, is expressed in the follow-ing term: " *Bien entendu que cela s'entendra dans tout l'etat, et d'apres les rapports qui seront faits.*" In the construction or interpretation of laws, or contracts, a primary rule is, that effect if possible, should be given to the whole con-text, and that every provision should be en-forced to the full extent, unless such interpre-tation would lead to absurdity and nonsense.

In the present case, the parties made their bet on the number of votes, which should be given to the two candidates throught the whole extent of the state, according to the official re-turns. But official returns were not made from all the election districts, and therefore the bet was not and could not be determined, unless we suffer the latter part of the clause of the contract so to control the first, as to render it null and of no effect, and subject the bet to be

East'n. District.
*July* 1825.

MONTILLET
*vs.*
SHIFF.

determined by the returns actually made. This
we think would violate all rules of fair con-
struction. The returns, which were made in
conformity with the constitution and laws of the
state, were sufficient to place Mr. Villere on
the list of those, who were to be finally voted
for by the legislature. and he might have been
made governor of the state.

But from the whole contract between the par-
ties to the present suit, in relation to their bet,
it is clearly seen that they did not choose to
subject its decision to the same accidents, in
the official returns, which must have exhibited
either one or other of the candidates to the le-
gislature, as having the greatest number of
votes. Their wager has not yet been determi-
ned, and the stockholder has paid it over in
error. Whether it may yet be decided is ques-
tionable; but it is a question not required to be
settled in the present case. Before concluding
it is however proper for us to state, that the
plaintiff is not in the situation of a loser, who
has voluntarily paid, on the contrary, the money
has been delivered to the supposed winner, by
the stakeholder, contrary to the will and inten-
tion of the appellant; consequently the appel-
lee cannot with any propriety or justice invoke

that part of the code, which refuses an action to a person, who has lost and paid money on an illegal bet.

It is therefore ordered, adjudged and decreed that the judgment of the parish court be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that the plaintiff and appellant do recover from the defendant and appellee, one thousand dollars, with interest at the rate of 5 per cent. per annum from the judicial demand, and costs in both courts.

*Dennis* for the plaintiff, *Grymes* for the defendant.